United States District Court
District of Massachusetts

|                              |   |                 |
|------------------------------|---|-----------------|
| N.E. Bridge Contractors, Inc., ) |   |                 |
|                              ) |   |                 |
| Plaintiff,                   ) |   |                 |
|                              ) |   |                 |
| v.                           ) |   | Civil Action No. |
|                              ) |   | 18-11748-NMG    |
| Aspen Aerials, Inc.,         ) |   |                 |
|                              ) |   |                 |
| Defendant.                   ) |   |                 |

**MEMORANDUM & ORDER**

**GORTON, J.**

This jurisdictional dispute arises out of an underlying tort suit where a truck equipped for bridge-inspecting malfunctioned. The plaintiff initially filed its suit in state court and defendant removed to federal court. Shortly thereafter, plaintiff amended its complaint to add a non-diverse defendant and moved to remand.

I. **Background**

In late 2016, N.E. Bridge Contractors, Inc. ("Bridge Contractors" or "plaintiff") purchased a new truck from Tri State Truck Center, Inc. ("Tri State"). In January, 2017, the truck was shipped from Tri State to Minnesota, where Aspen Aerials, Inc. ("Aspen" or "defendant") affixed bridge inspection equipment ("the A-62") onto the truck. Plaintiff took delivery of the truck with the A-62 equipment in July, 2017. One year

later, the truck malfunctioned while it was rented out to a third party.

On August 6, 2018, Bridge Contractors, a Massachusetts company, filed suit against Aspen, a Minnesota company, in Bristol County Superior Court. Shortly after filing its initial complaint, plaintiff moved for a preliminary injunction to prevent Aspen from selling its assets to a third party. The Bristol County Superior Court declined to hear argument on that motion but did hear argument on another motion for a preliminary injunction that plaintiff sought against Aspen with respect to a different suit that arose in Rhode Island. As part of the two requests for injunctive relief, plaintiff sought to attach Aspen's assets located in Minnesota. On August 10, 2018, plaintiff filed a separate suit in Minnesota, where Aspen was named as the only defendant.

One week later, Aspen removed the initial Bristol County Superior Court action to this Court and had until September 11, 2018, to respond to the removed complaint. Before it did so, plaintiff filed an amended complaint on August 23 pursuant to Fed. R. Civ. P. 15(a)(1)(A), which added Western Star Truck Sales Inc., an Oregon corporation and the manufacturer of the truck ("Western Star") and Tri State, a Massachusetts corporation, as defendants ("the additional defendants").

Plaintiff filed its motion to remand the day after filing its amended complaint.

Aspen alleges that plaintiff deliberately added a non-diverse defendant to destroy diversity through improper amendment under Fed. R. Civ. P. 15(a)(1). It further contends that under 28 U.S.C. § 1447, 1) Tri State is a dispensable party that should be dismissed from this action and 2) the Court should exercise its equitable power to reject plaintiff's amendment.

Plaintiff responds that the claims against Aspen and the additional defendants arise from the same nexus of operative facts and that the district court has discretion under § 1447(e) to remand and not to apply Fed. R. Civ. P. 19(b) mechanically. It submits that 1) it intended all along to amend the initial complaint, 2) it was distracted by the pending preliminary injunction motions in state court and 3) even under a Fed. R. Civ. P. 19(b) analysis, Tri State is an indispensable party to this suit.

## II. Legal Analysis

### A. Fraudulent Joinder Doctrine

The doctrine of "fraudulent joinder", in which a district court can disregard, for jurisdictional purposes, the citizenship of non-diverse defendants at the time of removal, does not apply after a case has been removed. Universal Truck &

Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014); Kauders v. Uber Techs., Inc., 2017 U.S. Dist. LEXIS 65912, at *5 (D. Mass. May 1, 2017) (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (fraudulent joinder has no effect once the district court actually possesses jurisdiction, including after the case has been properly removed)).

At issue here is whether Fed. R. Civ. P. 15(a)(1) permits a plaintiff to add a non-diverse party as a matter of course after removal. Although the First Circuit has not addressed that precise issue, most courts have concluded that plaintiffs cannot destroy diversity through amendment as a matter of right and have, instead, analyzed whether joinder of the non-diverse defendant is appropriate under 28 U.S.C. § 1447(e) in the first instance. Kauders, 2017 U.S. Dist. LEXIS 65912, at *7; see also Casas Office Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994) (annulling a district court's diversity jurisdiction when the district court allowed the plaintiff to substitute an unidentified defendant with a newly identified, non-diverse defendant after removal).

**B. § 1447(e) Analysis**

Although the First Circuit has not addressed the precise issue of Rule 15 amendments post-removal, both the Fourth and Fifth Circuits found that such joinder is to be determined by the "sound discretion" of the district court and does not

Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014); Kauders v. Uber Techs., Inc., 2017 U.S. Dist. LEXIS 65912, at *5 (D. Mass. May 1, 2017) (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (fraudulent joinder has no effect once the district court actually possesses jurisdiction, including after the case has been properly removed)).

At issue here is whether Fed. R. Civ. P. 15(a)(1) permits a plaintiff to add a non-diverse party as a matter of course after removal. Although the First Circuit has not addressed that precise issue, most courts have concluded that plaintiffs cannot destroy diversity through amendment as a matter of right and have, instead, analyzed whether joinder of the non-diverse defendant is appropriate under 28 U.S.C. § 1447(e) in the first instance. Kauders, 2017 U.S. Dist. LEXIS 65912, at *7; see also Casas Office Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994) (annulling a district court's diversity jurisdiction when the district court allowed the plaintiff to substitute an unidentified defendant with a newly identified, non-diverse defendant after removal).

**B. § 1447(e) Analysis**

Although the First Circuit has not addressed the precise issue of Rule 15 amendments post-removal, both the Fourth and Fifth Circuits found that such joinder is to be determined by the "sound discretion" of the district court and does not

Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014); Kauders v. Uber Techs., Inc., 2017 U.S. Dist. LEXIS 65912, at *5 (D. Mass. May 1, 2017) (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (fraudulent joinder has no effect once the district court actually possesses jurisdiction, including after the case has been properly removed)).

At issue here is whether Fed. R. Civ. P. 15(a)(1) permits a plaintiff to add a non-diverse party as a matter of course after removal. Although the First Circuit has not addressed that precise issue, most courts have concluded that plaintiffs cannot destroy diversity through amendment as a matter of right and have, instead, analyzed whether joinder of the non-diverse defendant is appropriate under 28 U.S.C. § 1447(e) in the first instance. Kauders, 2017 U.S. Dist. LEXIS 65912, at *7; see also Casas Office Machines, Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994) (annulling a district court's diversity jurisdiction when the district court allowed the plaintiff to substitute an unidentified defendant with a newly identified, non-diverse defendant after removal).

**B. § 1447(e) Analysis**

Although the First Circuit has not addressed the precise issue of Rule 15 amendments post-removal, both the Fourth and Fifth Circuits found that such joinder is to be determined by the "sound discretion" of the district court and does not

require a strict Fed. R. Civ. P. 19(b) analysis for dispensability. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999); Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). In exercising its discretion under § 1447(e), the district court is entitled to consider all relevant factors, including:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

Mayes, 198 F.3d at 462.

The Court is not convinced that plaintiff's failure to amend the Minnesota suit while, at the same time, adding Tri State as a defendant in this one was done simply to destroy diversity. Nor does the Court find that plaintiff was dilatory in seeking an amendment within 21 days of filing its complaint. The Court is, however, disconcerted by the fact that plaintiff failed to name Tri State as a defendant in its initial complaint. If Tri State is an indispensable party, as plaintiff now contends, it should have named Tri State in the first instance. Moreover, plaintiff should have clearly foreseen that, under the circumstances, Aspen not only had the right but indeed was likely to remove this case to federal court. 28 U.S.C. § 1332.

Notwithstanding plaintiff's procedural shortcomings, the Court finds that Tri State is an indispensable party to this suit pursuant to Fed. R. Civ. P. 19(b). See Casas, 42 F.3d at

675 (holding that indispensability is relevant to a § 1447(e) analysis).

Fed. R. Civ. P. 19(b) provides that

> [T]he court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.

In making such a determination, the Court must also consider: the extent to which 1) a judgment rendered in Tri State's absence might prejudice Tri State or the existing parties, and 2) any prejudice could be reduced or avoided, and whether 3) a judgment rendered in Tri State's absence would be adequate and 4) plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Id.

The first factor weighs in favor of joinder.  Contrary to defendant's contention, Tri State, as the seller of the allegedly defective truck manufactured by Western Star, is a related party that may be subject to product liability. See Rafferty v. Merck & Co., 92 N.E.3d 1205, 1213 (2018) (typically, where a consumer is injured by a product, Massachusetts law holds the manufacturer and/or seller responsible under a theory of products liability); Brown v. Husky Injection Molding Sys., Inc., 751 F. Supp. 2d 298, 303 (D. Mass. 2010) (unlike defective design cases, in manufacturing defect cases plaintiff must show that the defect was not caused by intermediaries between the manufacturer and the consumer); see also § 16.9. Seller's

liability to third person, 37 Mass. Prac., Tort Law § 16.9 (3d ed.) (noting that the Restatement, Third, Torts does not differentiate between manufacturers, wholesale distributors and retail sellers when it comes to product liability). Thus, a judgment in Tri State's absence may prejudice Aspen and Western Star in that neither party may be able to recover damages for which Tri State could ultimately be responsible. Moreover, plaintiff may also be prejudiced by having to bear the costs of separate litigation if joinder is denied.

As to the second factor, there does not appear to be, nor does either party suggest, any way to structure the federal litigation so as to avoid the potential severance problems.

The third factor of whether judgment would be "adequate" in Tri State's absence relates to the public interest in "complete, consistent, and efficient settlement of controversies". Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968). Plaintiff contends that the causes of actions against all three defendants are intertwined and thus judgment in the absence of any of the three parties would create a risk that the party actually responsible for a component of the damage would not be held liable. Moreover, plaintiff submits that there is a risk of 1) conflicting judgments with parallel litigation stemming from the same operative facts and/or 2) deflection of blame to absent defendants resulting in inadequate

recovery. This Court agrees and finds that the third factor weighs in favor of joinder.

The fourth factor is of less consequence because plaintiff could bring suit against Tri State in its pending state court action but that doesn't counter-balance the first three factors.

On balance, the Court finds that Tri State is an indispensable party within the meaning of Fed. R. Civ. P. 19(b). For that primary reason, joinder will be allowed and consequently, pursuant to § 1447(e), the action will be remanded to state court.

## ORDER

For the foregoing reasons, plaintiff's motion to remand (Docket No. 8) is **ALLOWED.**

**So ordered.**

                                                       /s/ Nathaniel M. Gorton
                                                      Nathaniel M. Gorton
                                                      United States District Judge

Dated March 6, 2019